(No. 3400— ▮▮▮▮▮

CARL K. GERDES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 11, 1940.*

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant, Carl K. Gerdes, seeks an award of Seventeen Thousand ($17,000.00) Dollars under a complaint which alleges that on July 28, 1937 the State of Illinois had constructed a State highway known as Route 29 which was then under the supervision and control of the Department of Public Works and Buildings, and in so doing had built a culvert including an abutment on each side of the hard road eighteen inches in height. That these abutments were concealed by a growth of weeds some three feet in height; that about one hundred feet south of the abutment there was a large amount of dirt, sand and gravel which had been packed upon and across the highway by trucks hauling, dirt, sand and gravel under respondent's supervision in the course of constructing a fill for a new hard road connection that was being built at that point; that the sand, dirt and gravel had been spilled by the trucks and had become packed into two ridges, one-half foot wide and eight or nine inches high; that on said date claimant was traveling in a northeasterly direction upon said Route 29, that his car struck the ridges of dirt causing the car to leave the cement slab; that there was considerable traffic and he was compelled to drive his car upon the right-hand earth shoulder for a considerable distance, and while so driving he ran into the eighteen-inch abutment above mentioned. That as a result of the accident he suffered serious injuries and expended large sums for hospital bills and medical care.

The Attorney General has filed a motion to dismiss the claim for the reason that same is predicated upon alleged liability of respondent for injuries alleged to have been caused by the failure of respondent to properly maintain in a reasonably safe condition for public use, a highway under respondent's control and jurisdiction.

Reluctant though the court may be to deny Plaintiff a recovery we have no choice but to allow the motion. We have been repeatedly called upon to recognize the rule that the doctrine of Respondeat Superior does not apply to the State, and

that the State in the absence of a statute so providing is not liable for injuries resulting from the negligence or failure of its employee to properly maintain its highways.

The State, in the construction and maintenance of its highway system, is engaged in a governmental function, and in the absence of a statute expressly so providing, is not liable for personal injuries or damages to property that may be occasioned by its failure or negligence to maintain its highway in a safe condition. (*Harman et al.* vs. *State,* 9 C. C. R. 29; *Wentworth* vs. *State,* 9 C. C. R. 240.)

The Court of Claims will make awards only in cases where the State would be liable in law or equity if it could be sued in a court of general jurisdiction. (*Crabtree* vs. *State,* 7 C. C. R. 207.)

Motion is allowed and claim dismissed.